**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Thompson, | No. CV10-8009-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Apache County, a local governmental entity; Michael Whiting, in his official and individual capacity, and Jocylynn Whiting, husband and wife, | |
| Defendants. | |

Plaintiff asks the Court to reconsider its November 15, 2011 order (Doc. 177) granting summary judgment on Plaintiff's § 1983 religious discrimination claim. Doc. 181. The Court will deny the motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). This standard clearly has not been met.

Plaintiff argues that evidence reviewed and cited by the Court in its November 15, 2011 order shows that Plaintiff established a prima facie case of religious discrimination. To make this argument, however, Plaintiff points to portions of affidavits that were not cited for the Court in Plaintiff's response to the motion for summary judgment. The Court had no obligation to search the record given Plaintiff's failure to provide citations, *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001), and the fact that it was able to do so on some issues does not mean that it erred in not finding nearby evidence – never cited by Plaintiff – on other issues.

Moreover, to show a prima facie case of discrimination Plaintiff must present evidence that "similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Defendants made a number of factual assertions to show that LDS individuals were not treated more favorably and that the facts of this case do not give rise to an inference of discrimination. Doc. 177 at 9. Plaintiff responded "with a veritable blizzard of factual assertions," *id.*, none of which included a citation to the record. The Court is not convinced that the few items now cited in the motion for reconsideration effectively counter Defendants' factual arguments, nor that the Court erred in failing to connect the dots between items of evidence contained in portions of the record it reviewed on other issues. Finding relevant evidence in the record is the responsibility of the parties, not the Court.

The Court is frustrated to have resolved the religious discrimination claim on the basis of Plaintiff's failure to provide citations to the record. Cases should not be resolved that way. But in this era of heavy case loads, the Court of Appeals rightly has concluded that district courts should not take time and effort away from other cases in order to find evidence parties should find and cite on their own.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 181) is **denied**.

Dated this 1st day of December, 2011.

_____
David G. Campbell
United States District Judge